PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO MÉNDEZ, Defendant and Appellant.

No. 4484. Argued November 20, 1931. Decided December 4, 1931.

*Lens & Susoni* for appellant. *E. Díaz Viera*, Assistant *Fiscal*, for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

A complaint was filed against the appellant charging that on August 16, 1931, he was engaged in the business of stripping tobacco, as owner, without first taking out the quarterly license expiring in September of the said year, as required by law.

Section 84 of Act No. 85 of 1925 (Session Laws, p. 584), as amended by Act No. 17 of 1927 (Session Laws, p. 458), provides that every three months every person engaged in any of the occupations or business enumerated in the section shall pay for every factory, place, commercial or industrial establishment, the respective license tax therein prescribed. Subdivisions 2, 3, 4, and 5 of said section refer to cigar manufacturers, whether they use machinery or not, and according to the number of cigar makers employed. Subdivision 14 refers to tobacco-stripping establishments, on which a license tax of $10 for each ten tobacco strippers or fraction of ten employed in each establishment is imposed. Section 86 of the Act of 1925 provides that no person shall engage in any of the business specified in this act until he shall have paid the proper license tax, and that where more than one of the industries or occupations described in said act is carried on in the same place by one person only, or in different places by one person only, or in the same place by different persons, a license tax shall be paid for each industry or occupation in each place of business. And section 92 of the same act makes it a misdemeanor to engage or continue in any industry or occupation subject to a license without securing the proper license, or after the license shall have been revoked.

The appellant does not deny that at the time mentioned he had a cigar factory and a stripping-tobacco establishment in the same premises; but he alleges that as the latter establishment was incidental to his cigar factory, the payment of the license tax for the factory relieved him from any obligation to pay the other license tax.

It does not clearly appear from the evidence that all of the tobacco stripped by him was used in his cigar factory, for although he admitted in his testimony that the output of his factory was between five and eight thousand cigars monthly, however, he acknowledged that at the time of the filing of the complaint he had some fifteen hundredweights of stripped tobacco, which was an amount in excess of that required by him for his factory. Although he also stated that he used the stripped tobacco only in his cigar factory and that he stowed the stripped tobacco in order to cure it, however, the lower court did not give credence to these statements. Subdivision 28 of section 84 of the Act of 1927, as well as the proviso therein, cited by the appellant, has no application to the present case, as it does not refer to tobacco-stripping establishments but to the license tax that must be paid by dealers in leaf or stripped tobacco and provides that they shall sell tobacco only to other dealers, tobacco strippers, or chewing-tobacco manufacturers, or cigar and cigarette manufacturers having the proper internal-revenue license, and to persons known as tobacco exporters.

For the reasons stated, the lower court did not err in finding that the facts charged in the complaint had been proved and in holding that the defendant must pay a license tax for the tobacco-stripping establishment.

The judgment appealed from must be affirmed.